UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL MOSELEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CITIMORTGAGE, INC.,<br><br>          Defendant. | CASE NO. C11-5349RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL FOR ADMISSION |

This matter comes before the court on Plaintiff's Motion to Compel for Admission. Dkt. 16. The court has reviewed the relevant pleadings and the remainder of the file herein.

MOTION TO COMPEL

Plaintiff Paul Moseley filed this civil action against the Servicer of their mortgage, CitiMortgage. Dkt. 1. It is unclear whether Michelle Moseley is a party to this case, although she is referenced on page 2 of the Complaint. Dkt. 1, at 2. She has not signed pleadings in the case. Although a nonattorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th

1 Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  Mr. Moseley may
2 not appear on behalf of Michelle Moseley.

3 On September 23, 2011, Mr. Moseley filed this Plaintiff's Motion to Compel For
4 Admission, requesting that the court order CitiMortgage to answer each request for admission
5 that Mr. Moseley had propounded to CitiMortgage.  Dkt. 16. The specific requests, and the
6 responses to those requests, are included with the motion.  See Dkt. 16, at 9-15.

7 On October 4, 2011, CitiMortgage filed a response opposing the motion, contending that
8 plaintiff did not contact CitiMortgage's counsel or meet and confer, as is required by
9 Fed.R.Civ.P. 37(a)(1) and Local Rule CR 37(a)(1); and that CitiMortgage responded to each
10 request for admission.  Dkt. 20.  CitiMortgage requests that the court deny the motion to compel
11 and award $425 in fees associated with reviewing and responding to the motion.  Dkt. 20, at 2.

12 On October 7, 2011, Mr. Moseley filed a reply, contending that CitiMortgage's counsel
13 Brad Fisher informed Mr. Moseley in a letter that Mr. Moseley should communicate with him in
14 writing, rather than by telephone; that Mr. Moseley had, over the course of ten days, left many
15 voice mails on Mr. Fisher's answering machine, without a response; and that Mr. Moseley's
16 attempt to communicate with Mr. Fisher by phone and by mail have returned limited results.
17 Dkt. 22.  Mr. Moseley contends that, as a result of Mr. Fisher's behavior, sanctions should not be
18 awarded against Mr. Moseley. Mr. Moseley attached two documents to the reply:  (1) a letter to
19 Mr. Fisher regarding a purported judgment Mr. Moseley obtained in state court against
20 CitiMortgage, and a request by Mr. Moseley that Mr. Fisher respond regarding the Joint Status
21 Report; and, (2) a letter from Mr. Fisher to Mr. Moseley, stating that CitiMortgage would move
22 to vacate the state court judgment, and directing Mr. Moseley to contact Mr. Fisher in writing
23 rather than by phone call.  Dkt. 22, at 5-9.

24

LEGAL STANDARD

Fed. R.Civ.P. 36(a) provides as follows:

**Rule 36. Requests for Admission**

**(a) Scope and Procedure.**

  **(1)** *Scope*. A party may serve on any other part a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
     **(A)** facts, the application of law to fact, or opinions about either; and
     **(B)** the genuineness of any described documents. Fed.R.Civ.P. 36(a)(1).

  **(2)** *Form; Copy of a Document.*  Each matter must be separately stated.  A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

  **(3)** *Time to Respond; Effect of Not Responding.*  A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

  **(4)** *Answer.*  If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

  **(5)** *Objections.*  The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial.
  **(6)** *Motion Regarding the Sufficiency of an Answer or Objection.*  The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may defer its final decision until a pretrial conference or a specified time before trial.  Rule 37(a)(5) applies to an award of expenses.

DISCUSSION

**1. Meet and Confer**

Fed.R.Civ.P. 37(a)(1) requires that a party moving for an order compelling disclosure or discovery include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Local Rule CR 37(a)(1) provides that a good faith effort by the movant to confer with the party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

Mr. Moseley did not include a certification in the motion that they conferred or attempted to confer with counsel for CitiMortgage regarding the responses to the Mr. Moseley's request for admissions. Mr. Moseley apparently believes that his phone calls and letters to Mr. Fisher are adequate to show that he attempted to meet and confer. However, Mr. Moseley has made no showing that he attempted to meet and confer to resolve the issues presented in this motion to compel responses to admissions. Nonetheless, the court will address the merits of the motion.

**2. Responses to Requests for Admissions**

Mr. Moseley propounded 25 requests for admissions to CitiMortgage.  See Dkt. 16, at 9-14.  In response, CitiMortgage posed three general objections (attorney-client privilege or work product; not reasonably calculated to lead to discovery of admissible evidence; and incomplete hypotheticals and/or call for legal conclusions).  CitiMortgage also provided specific objections to eight requests for admissions, and denied each of the 25 requests. Accordingly, in addition to interposing objections to some of the requests for admissions, CitiMortgage responded to each request by denying it.  CitiMortgage responded to the requests for admissions.  Mr. Moseley's motion to compel responses to his requests for admissions should be denied on that basis alone.

It appears that Mr. Moseley is really requesting that the court determine whether the responses are sufficient, under Fed.R.Civ.P. 36(a)(6).  The court will not reiterate every request for admissions.  By way of example, however, the court will quote two of the Requests for Admission:  No. 11 and No. 20.

Request for Admissions No. 11 states:  "The Lender admits that once a promissory note has been securitized, the Lender forever loses their [sic] right to enforce the note under IRS accounting rules under a REM IC (Real estate mortgage investment Conduit).  The real parties of interest are the individual share holders of the REM IC. If no answer is provided, the answer is: "Admit"."  Dkt. 16, at 11.  Request No. 20 states: "The Lender admits it received Bail Out Funds from the U.S. Federal Government burdening the U.S. tax payer with more than $45 Billion in capital bailout funds.  If no answer is provided, the answer is: "Admit"."  Dkt. 16, at 13.  In addition, the requests for admissions attempt to obtain concessions regarding a case or cases in state court proceedings.  *See* Dkt. 16, at 13-14, Request for Admissions 23, 24, and 25.

By way of these requests for admissions, Mr. Moseley is asking that CitiMortgage agree with his theory of the case and his legal conclusions.  Mr. Moseley requests that CitiMortgage respond to argumentative assertions. CitiMortgage is not required to do that.  CitiMortgage is entitled to mount a defense to Mr. Moseley's claims in this proceeding. Further, cases filed in state court are not at issue in this proceeding.

These requests for admissions are frivolous, as is the motion to compel. The court recognizes that Mr. Moseley is proceeding *pro se* in this matter. Nonetheless, these requests for admissions are outside the bounds of what is expected and required for *pro se* litigants. The motion to compel admissions should be denied as frivolous.

**3. Attorney's Fees**

CitiMortgage requests that the court award $425 for one hour of time in reviewing the motion and responding to it. Dkt. 20, at 2-3.

Fed.R.Civ.P. 36(a)(6) provides that Rule 37(a)(5) applies to an award of expenses under Rule 36. Fed.R.Civ.P. 37(a)(5)(B) provides as follows:

> (B) *If the Motion Is Denied*. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The motion to compel admissions is denied herein as frivolous. A reasonable amount for opposing this motion is $100. Mr. Moseley should be required to pay CitiMortgage $100 in attorney's fees.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel for Admission (Dkt. 16) is **DENIED** as frivolous. Plaintiff Paul Moseley is **ORDERED** to pay $100 to CitiMortgage. Judgment is **ENTERED** against Paul Moseley and in favor of CitiMortgage $100.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of October, 2011.

ROBERT J. BRYAN
United States District Judge