1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11  PAUL MOSELEY,

12              Plaintiff,

13       v.

14  CITIMORTGAGE INC.,

15              Defendant.

CASE NO. C11-5349RJB

ORDER ON CITIMORTGAGE,
INC.'S MOTION FOR SUMMARY
JUDGMENT AND ON PLAINTIFF'S
MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS

16      This matter comes before the court on defendant CitiMortgage's Motion for Summary

17  Judgment (Dkt. 17) and on Plaintiff's Motion to Compel for Admission of Documents (Dkt. 21).

18  The court has reviewed the relevant documents and the remainder of the file herein.

19                              COMPLAINT

20      On May 5, 2011, plaintiff Paul Moseley filed a "Complaint for Damages under RESPA

21  Complaint for Damages under TILA Title Reconveyance Action."  The complaint is not signed,

22  although Mr. Moseley's name is typewritten.  Michelle Moseley did not sign the complaint, nor

23  is her named typed in the signature line, but the complaint refers to her as a plaintiff.  See Dkt. 1,

24

1     at 2.  Michelle Moseley has not signed any of the pleadings in this matter.  Although a

2     nonattorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney

3     for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v.*

4     *County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  Mr. Moseley may not appear on behalf

5     of Michelle Moseley.  Ms. Moseley does not appear to be a plaintiff in this case.

6          The complaint names CitiMortgage Inc. as the defendant, alleging that CitiMortgage

7     services a deed of trust note on the Moseleys' home. Dkt. 1, at 2.  Mr. Moseley requests a

8     declaration that the Moseleys are the exclusive title holders to their residential real property; that

9     the deed which purported to convey their exclusive title to the property was in fact an equitable

10    deed of trust; and that the note encumbering the property is void, invalid, satisfied and/or lost.

11    Dkt. 1, at 2.  The complaint further alleges that (1) CitiMortgage violated the Real Estate

12    Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, based upon CitiMortgage's failure to

13    make appropriate corrections to the mortgage account, despite Mr. Moseley's dispute of the

14    charges, and failure to respond to qualified written request inquiries; (2) CitiMortgage violated

15    the Uniform Commercial Code § 3-409, based upon CitiMorgage's cashing a check after Mr.

16    Moseley sent the check with a letter that told CitiMortgage that the payment constituted a

17    settlement of all monies owed on the account; (3) CitiMortgage failed to comply with  the Truth

18    in Lending Act (TILA), 12 U.S.C. § 2605(e), in not granting the  Moseleys the right of

19    rescission; (4) CitiMortgage violated the Fair Debt Collection Practices Act (FDCPA), 12 U.S.C.

20    § 2605(f)(1)(a) and (b), based upon CitiMortgage's failure to comply with credit reporting

21    requirements; (5) CitiMortgage is not the real party in interest because it does not hold the Note;

22    (6)  the assignment of the Deed of Trust to the Mortgage Electronic Registration System (MERS)

23    was invalid because MERS did not hold a beneficial interest in the Note; (7) CitiMortgage

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 2

should be declared 'in Dishonor' for not paying certain liens the Moseleys filed on the property in state court; (8) the Moseleys exercised the right of rescission under TILA, and CitiMortgage failed to honor that right; (9) the Deed of Trust is invalid because CitiMortgage did not follow general accounting principles/breached the contract/breached its fiduciary duty; and (11) CitiMortgage trespassed twice on the Moseleys' property.  Dkt. 1.  The complaint contains multiple exhibits.

On May 27, 2011, CitiMortgage filed an answer, asserting the following counterclaim:

CitiMortgage requests a declaration that plaintiffs are in default of their payment obligations, a determination of the amount owed by plaintiffs as of the date judgment is entered, and a declaration that CitiMortgage and/or Fannie Mae is and shall be entitled to foreclose, either judicially or non-judicially, as provided under Washington law.

Dkt. 6, at 16.  CitiMortgage also alleged, by counterclaim, that it "is entitled to fees and costs incurred in defending this action and in prosecuting its counterclaims."  Dkt. 6, at 16.

<u>RELEVANT FACTS</u>

On March 2, 2008, the Moseleys borrowed $262,500 from Fannie Mae on a loan serviced by CitiMortgage.  Dkt. 18, at 2.  The loan was evidenced by a Note identifying CitiMortgage as the Lender, and Paul and Michelle Moseley as the borrowers. Dkt. 18-1, at 2-4.  The Note was secured by a Deed of Trust, identifying CitiMortgage as the Lender, MERS as the beneficiary and the nominee for the Lender and Lender's successors and assigns, and Paul and Michelle Moseley as the borrowers. Dkt. 18-1, at 6-24.  The loan was part of a refinance of the Moseleys' home in Port Ludlow, Washington (the Property), in which the Moseleys took $165,914.42 in cash from the loan proceeds (the Loan).  Dkt. 18, at 2, and 18-1, at 30-32. The Moseleys were given all appropriate disclosures, including notice of their right to cancel. Dkt. 18-1, at 26 and 28.

After making payments for more than two years, on November 1, 2010, Paul Moseley

1    wrote the first of a series of letters to CitiMortgage stating, "I need to be certain that you

2    are still the RIGHTFUL Holder of Due Course of my Promissory Note." Dkt. 18-1, at 34-35, and

3    37.  Citing a criminal statute, Mr. Moseley demanded to inspect "MY ORIGINAL WET INK

4    SIGNATURE PROMISSORY NOTE."  Dkt. 18-1, at 37.  In that letter, Mr. Moseley gave no

5    reason to question the servicing of Loan, did not contend that payments had been improperly

6    applied to the Loan, nor did he question the validity of the Loan itself.

7            On November 11, 2010, CitiMortgage sent the Moseleys a letter, informing them that the

8    owner of the Loan was Fannie Mae and that CitiMortgage was the Servicer of the mortgage; and

9    enclosed a copy of the original Note. Dkt. 18-1, at 39.

10           On December 1, 2010, Mr. Moseley sent a letter to CitiMortgage, stating that

11   CitiMortgage had "defaulted on your administrative process", apparently on the basis that

12   CitiMortgage failed to respond to his first letter requesting proof of claim and presentment of the

13   original Note. Dkt. 18-1, at 41.

14           On December 16, 2010, CitiMortgage sent a letter to the Moseleys, informing them that

15   the account was currently due payments for November and December of 2010, each in the

16   amount of $1,752.84, and assessing late fees.  Dkt. 19-1.

17           On December 23, 2010, Mr. Moseley sent a letter to CitiMortgage, along with a check for

18   $1,827.36.  The letter stated as follows:  "Please find the payment enclosed a final summation of

19   all monies allegedly owed regarding account 20051041442-2.  I have included payment along

20   with alleged late fee to satisfy this note.  With this payment I am offering a settlement of the

21   alleged outstanding balance of this account."  Dkt. 18-1, at 45.  CitiMortgage cashed the check.

22   Dkt. 18-1, at 48.

23

24
ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 4

1     On December 29, 2010, CitiMortgage sent the Moseleys a letter, informing them that

2 "[i]n the absence of any new, substantial documentation, we consider this matter closed." Dkt.

3 18-1, at 50-51.

4     On January 21, 2011; January 24, 2011; and February 4, 2011 Mr. Moseley sent letters to

5 CitiMortgage, claiming that the Moseleys owed nothing further on the Loan; and demanding

6 rescission of the loan.  Dkt. 18, at 4.  On March 21, 2001, CitiMortgage sent a letter to the

7 Moseleys, responding to the February 4, 2011 letter; and sent another letter on March 21, 2011,

8 responding to the Moseleys continuing letters requesting rescission of the debt.  Dkt. 18-1, at 53.

9     The Moseley have not made payments on the Loan. The current balance owing on the

10 loan as of September 27, 2011 is $268,445.05. Dkt. 18, at 4.

11                                   MOTION TO COMPEL

12     On October 4, 2011, Mr. Moseley filed Plaintiff's Motion to Compel for Admission of

13 Documents, requesting that the court order that CitiMortgage provide him with the original "blue

14 ink signature" Promissory Note and Deed of Trust; "verified accounting records" that show that

15 CitiMortgage is in fact a Creditor; an affidavit attesting to the source of funds used in funding the

16 Loan; an affidavit that CitiMortgage has not sold the Promissory Note and has been paid for

17 such; "an affidavit stating categorically that the Defendant is a Creditor (as per GAAP) in this

18 transaction";  "written authority from the verified true Note Holder in Due Course giving

19 Defendant the right to service the note; a Deed of Trust Assignment with endorsement on the

20 back of the instrument; the Purchase and Sale agreement with Fannie Mae; chain of title; a

21 Servicing agreement with Fannie Mae; and "Security Registration on Security Exchange

22 Commission (MERS).  Dkt. 21.

23

24
ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 5

1    On October 21, 2011, CitiMortgage filed opposition to the motion, contending that Mr.

2    Moseley did not meet and confer, as is required by Fed.R.Civ.P. 37(a)(1) and Local Rule CR

3    37(a)(1); that CitiMortgage was not served with requests for production, as is required before a

4    motion to compel is filed; and that the production Mr. Moseley seeks to compel is improper

5    because it requests things which do not exist, not existing documents.  Dkt. 25.  CitiMortgage

6    requests that the court award $100 for costs incurred in responding to this motion, or such other

7    amount as the court deems appropriate.  Dkt. 25, at 3.

8    On October 25, 2011, Mr. Moseley filed a document, stating that he was withdrawing the

9    motion, in order to give CitiMortgage an opportunity to respond to a request for production.

10   Dkt. 27.

11   Mr. Moseley apparently recognized that he had not followed the proper procedure for

12   obtaining documents, and has now sent CitiMortgage a request for production.  He should be

13   permitted to withdraw the motion to compel, without incurring sanctions.  However, there is no

14   reason to delay issuing this order on CitiMortgage's motion for summary judgment.  Most of the

15   items Mr. Moseley requested in his motion to compel are not existing documents.  Further, the

16   items requested by Mr. Moseley relate to his show-me-the note, securitization, and MERS

17   arguments.  As discussed below, these arguments are without merit.  The documents Mr.

18   Moseley requests would not be helpful to him, since his claims—even if he had those

19   documents—fail as a matter of law.  The court should permit Mr. Moseley to withdraw the

20   motion to compel.

21                          <u>MOTION FOR SUMMARY JUDGMENT</u>

22   On September 28, 2011, CitiMortgage filed this motion for summary judgment,

23   contending that (1) the complaint fails to state a claim for quieting title; (2) the claim that

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 6

1  CitiMortgage has no beneficial interest in the loan is without merit because CitiMortgage is a

2  Servicer of the loan, acting on behalf of Fannie Mae; (3) the Moseleys have not satisfied the loan

3  by tender of the $1,827.36 check that was applied to the delinquent loan; (4) the claim that there

4  was an invalid assignment of the Deed of Trust does not implicate CitiMortgage, and, in

5  addition, is without merit; (5) the allegation that CitiMortgage breached its fiduciary duty does

6  not state a claim because the claim is unsupported by any facts; (6) the claim that that

7  CitiMortgage failed to provide prompt and professional service is unsupported by factual

8  allegations, and does not render the Deed of Trust void; (7) the claim for rescission is untimely;

9  (8) the claim for rescission is not proper because plaintiffs have failed to represent that they can

10  and will tender the proceeds of the loan; (9) there are no factual allegations that would state a

11  claim that the Deed of Trust and Note are invalid; (10) CitiMortgage did not violate RESPA

12  because the letters from Mr. Moseley did not constitute a qualified written request, CitiMortgage

13  responded to Mr. Moseley's letters, the letters did not relate to the servicing of the loan, and the

14  complaint cannot show any harm as a result of CitiMortgage's alleged failure to respond to the

15  correspondence; (11) CitiMortgage is not a Debt Collector, and the record does not shown that

16  CitiMortgage did anything improper under the FDCPA; (12) the claim for trespass is without

17  merit because the Moseleys gave consent to the lender or its agent to make reasonable entries

18  upon and inspections of the property, and the allegations fail to satisfy the four elements of

19  intentional trespass; (13) the Moseleys are in default of their payment obligations on the loan;

20  and (14) the court should award reasonable fees and costs incurred in the defense of this action,

21  based upon provisions in the note and Deed of Trust.  Dkt. 17.

22        On October 17, 2011, Mr. Moseley filed a response, contending that CitiMortgage has

23  failed to produce the "original wet ink Promissory Note" (*emphasis in the original*); that Mr.

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 7

1    Moseley wrote a series of letters to obtain confirmation that CitiMortgage was still the rightful

2    Holder in Due Course of the Promissory Note; that material facts are in dispute as to which

3    entity is the Holder in Due Course of the Promissory Note; that CitiMortgage has not shown

4    evidence that Fannie Mae loaned the money to Mr. Moseley; CitiMortgage failed to respond to

5    inquiries Mr. Moseley made to it as to which entity is the Holder in Due Course; CitiMortgage

6    has proffered no evidence that it is the Servicer of the of mortgage; that CitiMortgage violated

7    RESPA and FDCPA by failing to respond to Mr. Moseley's qualified written requests; that

8    CitiMortgage's initial disclosures did not include a telephone number for the person identified as

9    a Business Operation Analyst; that Mr. Moseley did not receive two of the three letters allegedly

10    sent to him from CitiMortage, responding to his letters; and CitiMortgage breached its contract

11    by failing to reconvey title after Mr. Moseley tendered payment to CitiMortgage.  Dkt. 24, at 1-5.

12    The court notes that Mr. Moseley agrees that he has no claim against CitiMortgage for Invalid

13    Assignment of a Trustee.  Dkt. 24, at 6.  Finally, Mr. Moseley requests that the court enter

14    summary judgment in favor of the Moseleys.  Dkt. 24, at 12.

15         On October 24, 2011, CitiMortgage filed a reply, requesting that the court strike Exhibits

16    D, E, F, G, H, I J, K, M, N, O, Q, R, S, T, U, V(1), V(2), W, Y, BB, CC and FF, on the basis that

17    these documents lack foundation and are hearsay. Dkt. 26, at 3.  CitiMortgage further requests

18    that the court strike most of Mr. Moseley's response, on the basis that it is legal argument or

19    speculation, none of which constitutes evidence that is properly considered under Fed.R.Civ.P.

20    56(e).  Dkt. 26, at 4.

21         In replying to the merits of the motion, CitiMortgage argues that Mr. Moseley does not

22    have a claim for quieting title to the property because he has not paid off the loan; that Mr.

23    Moseley's argument that CitiMortgage is not the real and beneficial party in interest is irrelevant

24
     ORDER ON CITIMORTGAGE, INC.'S MOTION
     FOR SUMMARY JUDGMENT AND ON
     PLAINTIFF'S MOTION TO COMPEL FOR
     ADMISSION OF DOCUMENTS- 8

1   and does not state a claim; that there was no accord and satisfaction when Mr. Moseley tendered

2   a check for $1,827 to CitiMortgage, because there was no bona fide dispute and no

3   consideration; that Mr. Moseley has stated no claim for negligence of fiduciary responsibilities;

4   that the Deed of Trust is not void or invalid; that Mr. Moseley has not shown that CitiMortgage

5   violated RESPA because Mr. Moseley's letters to CitiMortgage were not qualified written

6   requests, CitiMortgage responded to Mr. Moseley's letters, there is no claim for reporting a

7   delinquent account, and Mr. Moseley has not alleged damages as a result of an alleged failure to

8   CitiMortgage to comply with RESPA;  CitiMortgage is not a debt collector, for purposes of the

9   FDCPA; and the claim for trespass should be dismissed because Mr. Moseley is not requesting

10  damages for trespass.  Dkt. 26, at 1-9.  CitiMortgage requests that the court declare that the

11  Moseleys are in default on their loan obligations, that Mr. Moseley's motion for summary

12  judgment, made in his response to CitiMortgage's motion for summary judgment should be

13  denied; and that the court should award CitiMortgage fees and costs related to this suit.  Dkt. 26,

14  at 10-11.

15                          <u>MOTION TO STRIKE</u>

16          CitiMortgage requests that the court strike Exhibits D, E, F, G, H, I J, K, M, N, O, Q, R,

17  S, T, U, V(1), V(2), W, Y, BB, CC and FF, on the basis that these documents lack foundation

18  and are hearsay. Dkt. 26, at 3.  CitiMortgage further requests that the court strike most of Mr.

19  Moseley's response, on the basis that it is legal argument or speculation, none of which

20  constitutes evidence that is properly considered under Fed.R.Civ.P. 56(e).  Dkt. 26, at 4.

21          The court recognizes that several of Mr. Moseleys exhibits to the complaint constitute

22  hearsay, and that a proper foundation has not been established for these documents.  The court

23  also recognizes that legal argument and speculation do not constitute facts.  However, the court

24

1  has considered all of the documents filed in this matter, and has accorded the proper weight to

2  those documents.  The motion to strike should be denied.

3                          SUMMARY JUDGMENT STANDARD

4          Summary judgment is proper only if the pleadings, the discovery and disclosure materials

5  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

6  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

7  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

8  showing on an essential element of a claim in the case on which the nonmoving party has the

9  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

10  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

11  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

12  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

13  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

14  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

15  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

16  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

17  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

18          The determination of the existence of a material fact is often a close question.  The court

19  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

20  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

21  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

22  of the nonmoving party only when the facts specifically attested by that party contradict facts

23  specifically attested by the moving party.  The nonmoving party may not merely state that it will

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 10

1    discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

2    to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.

3    Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

4    be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

5                                        DISCUSSION

6          Michelle Moseley is not a party to this case.  Accordingly, it is questionable whether Mr.

7    Moseley may request relief, or prosecute claims related to the property, on her behalf.  In any

8    event, the claims, as discussed below, do not entitle Mr. Moseley to relief.

9      **1.  Quiet Title**

10         Mr. Moseley requests a declaration that the Moseleys are the exclusive title holders to the

11    residential real property.  CitiMortgage contends that the complaint fails to state a claim for

12    quieting title.

13         A quiet title claim against a mortgagee requires that a mortgagor is the rightful owner of

14    the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage.

15    *See Kelley v. Mers, Inc.*, 642 F.Supp. 2d 1048, 1057 (N.D. Cal. 2009); Evans v. BAC Home

16    Loans Servicing LP, 2010 WL 5138341 at #3 (W.D. Wash. 2010).

17         The record shows that the current balance owing on the loan as of September 27, 2011 is

18    $268,445.05.  The Moseleys have not paid the outstanding debt secured by the mortgage.

19    Although Mr. Moseley contends that the Moseleys were discharged from further payments on

20    the Loan when CitiMortgage cashed the $1,827.36 check; and that the Note is void or invalid,

21    those arguments, as discussed below, are without merit. Accordingly, Mr. Moseley is not entitled

22    to a declaration that the Moseleys are the unencumbered title holders to the Property.  This claim

23    is without merit and should be dismissed.

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 11

1      **2. Beneficial Interest, the Role of MERS, and Securitization of the Note**

2          In the complaint, Mr. Moseley claims that CitiMortgage is not the real party in interest

3   because it does not hold the Note, that the assignment of the Deed of Trust to MERS was invalid

4   because MERS did not hold a beneficial interest in the Note, and that there was an invalid

5   assignment of the Deed of Trust, including invalid securitization of the Note.  In his response,

6   Mr. Moseley concedes that he has no claim for "Invalid Assignment of Trustee".  Dkt. 24, at 6.

7          CitiMortgage contends that these claims are without merit because CitiMortgage is a

8   Servicer of the loan, acting on behalf of the Lender, Fannie Mae, which holds the Note, and is

9   therefore not implicated in these claims.  CitiMortgage further contends that the MERS claim

10  and assignment claims are without merit.

11         MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the

12  transfer of the "beneficial interest" in home loans, as well as any changes in loan servicers.

13  *Cervantes v. Countrywide Home Loans ,Inc*., 2011 WL 3911031, *1 (9th Cir. September 7,

14  2011).  After a borrower takes out a home loan, the original lender may sell all or a portion of its

15  beneficial interest in the loan and change loan servicers. *Id.* The owner of the beneficial interest,

16  the Lender, is entitled to repayment of the loan. *Id.*  The Servicer of the loan collects payments

17  from the borrower, sends payments to the lender, and handles administrative aspects of the loan.

18  *Id.*

19         The record shows that CitiMortgage is the Servicer of the Loan, on behalf of Fannie Mae.

20  Mr. Moseley's argument that CitiMortgage does not have a beneficial interest in the Note is

21  without merit because, as the Servicer of the Loan, CitiMortgage is not required to have a

22  beneficial interest in the Loan.  Further, the claim that assignment of the Note to MERS was

23  invalid does not implicate CitiMortgage, the Servicer of the Loan.

24
ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 12

1    The claims Mr. Moseley makes regarding the role of MERS is similar to other claims that

2    have been rejected in past cases brought in this district. *See, e.g. Daddabbo v. Countrywide*

3    *Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash. May 20, 2010); *Vawter v. Quality Loan*

4    *Service Corp. Of Washington*,707 F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010).  Since the

5    securitization merely creates a separate contract, distinct from the Moseleys' debt obligations

6    under the Note, and does not change the relationship of the parties in any way, Mr. Moseley's

7    claims arising out of securitization fail. *See Commonwealth Prop. Advocates, LLC v. First*

8    *Horizon Home Loan Corp .*,  2010 WL 4788209, at *4 (D.Utah Nov. 16, 2010) (*quoting Larota–*

9    *Florez v. Goldman Sachs Mortgage Co.,* 719 F.Supp.2d 636, 642 (E.D.Va.2010).  Finally, Mr.

10   Moseley's claim regarding MERS is without merit because he cannot establish that the Moseleys

11   were misinformed about the MERS system, relied on any misinformation in entering into the

12   home loan, or were injured as a result of the misinformation.  *See Cervantes v. Countrywide*

13   *Home Loans, Inc.*, 2011 WL 3911031.

14        **3.  Tender and Satisfaction**

15        Mr. Moseley claims that he tendered a check for $1,827.36 to CitiMortgage along with a

16   letter than informed CitiMortgage that this check was in full satisfaction of the amount due on

17   the Note; that CitiMortgage cashed the check; and that, as a result, the debt was extinguished.

18        Mr. Moseley tendered a check that was applied by CitiMortgage to the delinquent

19   account.  The record does not show that CitiMortgage agreed to discharge the entire balance on

20   the Note; and there was no writing that discharged the Moseleys from the obligations under the

21   Note.  There was no accord and satisfaction discharging the debt because there was no bona fide

22   dispute, and no consideration.  *See Field lumber Co. v. Petty*, 9 Wn.App. 378, 380

23

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 13

1   (1973)(payment of amount admitted to be due can furnish no consideration for accord and

2   satisfaction of entire claim).  This claim is without merit and should be dismissed.

3       **4.  Breach of Fiduciary Duty**

4        Mr. Moseley claims that CitiMortgage breached its fiduciary duty and breached the

5   contract.  CitiMortgage contends that this claim is unsupported by any facts and should be

6   dismissed.

7        Breach of a fiduciary duty imposes liability in tort.  *Tedvest Agrinomics VI v. Tedman*

8   *Properties V*, 49 Wn.App. 605, 607 (1987).  In order to prevail, plaintiffs "must establish: (1) the

9   existence of a duty [owed to them]; (2) a breach of that duty; (3) a resulting injury; and (4) that

10  the claimed breach was the proximate cause of the injury."  *Hansen v. Friend*, 118 Wn.2d 476,

11  479 (1992).

12       It is unclear what the basis for this claim is.  To the extent that the breach of fiduciary

13  duty claim relates to documents/cases related to the Property that the Moseleys filed in Jefferson

14  County District Court, Mr. Moseley apparently believes that CitiMortgage should be required to

15  comply with certain filings and demands the Moseleys made in those state cases. Those cases are

16  not at issue in this case.

17       To the extent that Mr. Moseley alleges that CitiMorgage failed to discharge its "fiduciary

18  duty", or that CitiMortgage breached the contract, the record does not show any factual basis for

19  such claims.  The claim for breach of fiduciary duty and breach of contract should be dismissed.

20      **5.  Void or Invalid Deed of Trust and Note**

21       Mr. Moseley claims that the Deed of Trust and Note are invalid because the Moseleys

22  were misled into entering into a mortgage with an impostor lender, where defects were

23  concealed.  CitiMortgage contends there are no factual allegations supporting a claim for relief.

24

1    A review of the record shows that there are no factual allegations that would state a claim

2    that the Deed of Trust and Note are void or invalid.  This claim should be dismissed.

3    **6. Rescission**

4    Mr. Moseley claims that the Moseleys made a claim for rescission, and that CitiMortgage

5    failed to honor that demand.  CitiMortgage contends that the claim for rescission is untimely,

6    and, in the alternative, that the claim for rescission may not proceed because Mr. Moseley has

7    failed to represent that the Moseleys can and will tender the proceeds of the loan.

8    TILA contains detailed disclosure requirements for consumer loans. In this case, the

9    Moseleys received the Notice of the Right to Cancel on March 2, 2008.  Under 15 U.S.C. §

10   1635(a), borrowers who receive appropriate notice of the right to rescind in connection with a

11   loan have three days to rescind.  The Moseleys did not rescind within three days of the

12   consummation of the loan.  Mr. Moseley has not stated a claim that would permit rescission,

13   based upon TILA.

14   Further, Mr. Moseley has not represented that the Moseleys can and will tender the

15   proceeds of the Loan.  *See Moore v ING Bank, FSB*, 2011 WL 1832797 (W.D. Wash.

16   2011)(proper for a district court to dismiss a TILA claim if plaintiff has not alleged a present

17   ability to tender proceeds of the loan back to the lender.).  The claim for recession should be

18   dismissed.

19   **7. RESPA**

20   Mr. Moseley contends that CitiMortgage failed to respond to his qualified written

21   requests, in violation of RESPA.  CitiMortgage maintains that it did not violate RESPA because

22   the letters from Mr. Moseley did not constitute qualified written requests; CitiMortgage

23   responded to Mr. Moseley's letters; the letters did not relate to the servicing of the loan; and the

24

ORDER ON CITIMORTAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 15

1 complaint cannot show any harm as a result of CitiMortgage's alleged failure to respond to the

2 correspondence.

3    RESPA creates a private right of action for only three types of wrongful acts: (1)

4 payment of a kickback for real estate settlement services, 12 U.S.C. $ 2607(d); (2) requiring a

5 buyer to use a title insurer selected by the seller, l2 U.S.C. 2608(b); and (3) failure by a loan

6 servicer to give proper notice of a transfer of servicing rights or to respond to a qualified

7 written request for information about a loan, l2 U.S.C. § 2605. *See Glover v. Fremont Inv. &*

8 *Loan*, 2009 WL 51 14001 (N.D. Cal. 2009).  In this case, Mr. Moseley contends that

9 CitiMortgage failed to respond to his qualified written requests.

10    Pursuant to § 2605(i), "`servicing' means receiving any scheduled periodic payments

11 *from a borrower . . . and making the payments of principal and interest and such other payments*

12 *with respect to the amounts received from the borrower.*" A qualified written request is a written

13 correspondence that enables the servicer to identify the name and account of the borrower. 12

14 U.S.C. § 2605(e)(1). It also either includes a statement describing why the borrower believes that

15 the account is in error or provides sufficient detail to the servicer regarding other information

16 sought by the borrower. *Id.* The loan servicer is required to respond by making appropriate

17 corrections to the borrower's account, if necessary, and, after conducting an investigation,

18 providing the borrower with a written clarification or explanation. 12 U.S.C. § 2605(e)(2).

19    Mr. Moseley's letters to CitiMortgage included a demand to inspect "MY ORIGINAL

20 WET INK SIGNATURE PROMISSORY NOTE." a statement that CitiMortgage "defaulted on

21 your administrative process"; notices of "default"; claims that the Moseleys owed nothing further

22 on the Loan; and demands for rescission of the loan.  The letters Mr. Moseley sent to

23 CitiMortgage disputed the validity of the loan, not its servicing. *See Consumer Solutions REO,*

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 16

1  *LLC v. Hillery*, 658 F.Supp.2d 1002 (N.D. Cal. 2009); *Morequity, Inc. v. Naeem*, 118 F.Supp.2d

2  885, 900-01  (N.D. Ill. 2000)(noting that the "[t]he counterclaim alleges [that the request alleged]

3  a forged deed, and irregularities with respect to the recoding of the two loans, but [made] no

4  claim with respect to improper servicing" and therefore dismissing claim pursuant to § 2605(e)).

5       Mr. Moseley has not stated a claim for violation of RESPA for CitiMortgage's alleged

6  failure to respond to his qualified written requests. The letters were not qualified written

7  requests, within the meaning of RESPA.

8       Further, the record shows that CitiMortgage responded to Mr. Moseley's letters, and

9  included in those responses contact information required by RESPA. There is no claim under

10 RESPA for reporting a delinquent account.  Finally, Mr. Moseley has not alleged damages as a

11 result of the alleged violation of RESPA.  The claim should be dismissed.

12  **8.  FDCPA**

13      Mr. Moseley contends that CitiMortgage violated the FDCPA by failing to comply with

14 debt reporting requirements.  CitiMortage maintains that it is not a Debt Collector, and, further,

15 the record does not show that CitiMortage did anything improper under the FDCPA.

16      The FDCPA applies to "debt collectors."  15 U.S.C. § 1692a(6).  FDCPA's definition of

17 debt collector does not include the consumer's creditors, a mortgage servicing company, or any

18 assignee of the debt.  *See Lai v. American Home Servicing, Inc*., 680 F.Supp. 2d 1218, 1224

19 (E.D. Cal. 2020)(*quoting Perry v. Stewart Title Co*., 756 F.2d 1197 , 1208 (5th Cir. 1985).  *See*

20 *also Cuddeback v. Land Home Financial Services*, 2011 WL 903881, at *1-*2 (W.D. Wash.

21 2011); *Segle v. PNC Mortgage*, 2011WL 1098936 at *7 (W.D. Wash. 2011).

22

23

24

1    CitiMortgage is the Servicer of the Moseleys' Loan.  CitiMortgage is not a "debt

2    collector" under the FDCPA.  Moreover, Mr. Moseley has not shown that CitiMortgage did

3    anything improper under the FDCPA.  The claim should be dismissed.

4    **9. Trespass**

5    Mr. Moseley claims that CitiMortgage committed criminal trespass in the second degree.

6    The claim is apparently based upon notices placed on the Moseleys' property, asking them to

7    "Please Call CitiMortgage."  Dkt. 1, at 12-13. CitiMortgage argues that the claim for trespass is

8    without merit because the Moseleys gave consent to the lender or its agent to make reasonable

9    entries upon and inspections of the property; and, in addition, the allegations fail to satisfy the

10   four elements of intentional trespass.  Mr. Moseley contends that CitiMortgage "has made

11   several visits to Plaintiff's property causing discomfort to the family residing at property as

12   repeated violations of CitiMortgage have not respected Plaintiff's requests not to enter the

13   property premises".  Dkt. 24, at 11.

14   The Deed of Trust, signed by the Moseleys, contained the following provision: "Lender

15   or its agent may make reasonable entries upon and inspections of the Property"  Dkt. 18-1, at 12.

16   The Moseleys consented to reasonable entries onto the Property.  CitiMortgage or its agent

17   placed a notice on a doorknob, requesting the Moseleys to contact CitiMortgage.  Even if a

18   representative of CitiMortgage came onto the property more than once, Mr. Moseley has not

19   shown that the entry is anything other than reasonable, regardless whether Mr. Moseley told

20   CitiMortgage not to come onto the Property.  Mr. Moseley has not shown that the notice placed

21   on the doorknob, or other alleged entry onto the property, was anything other than reasonable.

22   Further, it is unclear whether Mr. Moseley is even requesting damages for trespass.  Dkt. 24, at

23   11.

24   ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 18

1    The claim for Trespass should be dismissed.

2    **10.  Default**

3    CitiMortgage requests that the court find that the Moseleys are in default of their

4    payment obligations on the loan.  Michelle Moseley has not appeared, and is, accordingly, not a

5    party to this case.  It would, therefore, be unwarranted to make such a finding against her.

6    It is also unclear what legal claim is being pursued by CitiMortgage in its counterclaim

7    for "default".  CitiMortgage requests a finding by this court that CitiMortgage has the right to

8    foreclose on the Property.  Such a finding would depend on what the applicable statutes permit

9    and require.  CitiMortgage is not prevented from proceeding against the Moseleys in a separate

10   action, based upon a statutory or other legal claim, whether that action is in a state or federal

11   forum.  If CitiMortgage chooses to pursue such an action, a finding of default would be in the

12   province of that court. The motion for default should be denied without prejudice.

13   Although the court should deny CitiMortgage's request for default in this summary

14   judgment motion, the counterclaim for default technically remains a part of the case.

15   CitiMortgage should inform the court whether it intends to proceed with the claim for default, or

16   whether that claim should be dismissed without prejudice.

17   **11.  Mr. Moseley's Request for Summary Judgment**

18   In his response to CitiMortgage's motion for summary judgment, Mr. Moseley requests

19   that the court grant summary judgment in favor of the Moseleys.  Dkt. 24, at 12.  This motion is

20   not properly brought in according with Local Rule CR 7.  Moreover, the motion is without merit

21   and should be denied.

22   **12.  Attorney's Fees and Costs**

23

24   ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 19

1    CitiMortgage requests that the court should award reasonable fees and costs incurred in

2    the defense of this action, based upon provisions in the note and Deed of Trust.  Dkt. 17.

3    The Note at issue contains the following provision:

4    6.  BORROWER'S FAILURE TO PAY AS REQUIRED

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

6    (e) Payment of Note Holder's Costs and Expenses

7    If the Note Holder has required me to pay immediately in full as described above, the
     Note Holder will have the right to be paid back by me for all of its costs and expenses in
8    enforcing this Note to the extent not prohibited by applicable law.  Those expenses
     include, for example, reasonable attorneys' fees.

9    Dkt. 18-1, at 3.

10   The Deed of Trust contains the following provision:  "Lender may charge Borrower for

11   services performed in connection with Borrower's default, for the purpose of protecting Lender's

12   interest in the Property and rights under this Security Instrument, including, but not limited to,

13   attorneys' fees, property inspection and valuation fees."  Dkt. 18-1, at 15.

14   It is unclear whether and under what authority CitiMortgage, on behalf of Fannie Mae,

15   which is not a party, may request attorneys' fees under the provisions cited above.  Further,

16   CitiMortgage has not itemized the attorney's fees, under *Kerr v. Screen Actors Guild, Inc.*, 526

17   F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976).

18   Finally, it appears to the court that the provisions in the Note and Deed of Trust would

19   apply to action taken by the Lender to enforce the provisions of the Note and Deed of Trust, not

20   to actions taken by the Lender to defend against an action filed against it.

21   The motion for attorney's fees and costs should be denied without prejudice.

22

23

24   ORDER ON CITIMORTGAGE, INC.'S MOTION
     FOR SUMMARY JUDGMENT AND ON
     PLAINTIFF'S MOTION TO COMPEL FOR
     ADMISSION OF DOCUMENTS- 20

1    Accordingly, it is hereby **ORDERED** that CitiMortgage, Inc.'s Motion for Summary

2    Judgment (Dkt. 17) is **GRANTED IN PART AND DENIED IN PART**, as follows:  (1) the

3    motion is **GRANTED** as to all claims asserted by Paul Moseley against CitiMortgage, and these

4    claims are **DISMISSED WITH PREJUDICE**; (2) the motion is **DENIED WITHOUT**

5    **PREJUDICE** as to CitiMortgage's  counterclaim for default against Paul and Michelle Moseley;

6    and (3) the motion is **DENIED WITHOUT PREJUDICE** as to CitiMortgage's request for

7    attorney's fees and costs.  Mr. Moseley's motion for summary judgment (Dkt. 24, at 12) is

8    **DENIED**.  Pursuant to Mr. Moseley's request to withdraw his motion to compel (Dkt. 27),

9    Plaintiff's Motion to Compel for Documents (Dkt. 21) is **STRICKEN**.  CitiMortgage's motion

10   to strike (Dkt. 26) is **DENIED**.  Not later than November 4, 2011, CitiMortgage shall inform the

11   court whether it intends to proceed with the claim for default, or whether that claim should be

12   dismissed without prejudice.

13       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

14   to any party appearing *pro se* at said party's last known address.

15       Dated this 31st day of October, 2011.

16

17

18   ROBERT J. BRYAN
     United States District Judge

19

20

21

22

23

24

ORDER ON CITIMORTGAGE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND ON
PLAINTIFF'S MOTION TO COMPEL FOR
ADMISSION OF DOCUMENTS- 21