UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL A. MOSELEY,

            Plaintiff,

    v.

CITIMORTGAGE INC,

           Defendant.

CASE NO. C11-5349RJB

ORDER ON CITIMORTGAGE, INC.'S RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES

This matter comes before the court on CitiMortgage, Inc.'s Renewed Motion for Award of Attorneys' Fees. Dkt. 31. The court has considered the motion and the remainder of the file herein.

## PROCEDURAL HISTORY

On May 5, 2011, plaintiff Paul Moseley filed a case against CitiMortgage Inc., alleging that CitiMortgage services a deed of trust note on the Moseleys' home. Dkt. 1, at 2. The complaint requested a declaration that the Moseleys are the exclusive title holders to their residential real property; that the deed which purported to convey their exclusive title to the property was in fact an equitable deed of trust; and that the note encumbering the property is

1   void, invalid, satisfied and/or lost.  Dkt. 1, at 2.  The complaint further alleged that (1)

2   CitiMortgage violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605,

3   based upon CitiMortgage's failure to make appropriate corrections to the mortgage account,

4   despite plaintiff's dispute of the charges, and failure to respond to qualified written request

5   inquiries; (2) CitiMortgage violated the Uniform Commercial Code § 3-409, based upon

6   CitiMortgage's cashing a check after plaintiff sent the check with a letter that told CitiMortgage

7   that the payment constituted a settlement of all monies owed on the account; (3) CitiMortgage

8   failed to comply with  the Truth in Lending Act (TILA), 12 U.S.C. § 2605(e), in not granting the

9   Moseleys the right of rescission; (4) CitiMortgage violated the Fair Debt Collection Practices

10  Act (FDCPA), 12 U.S.C. § 2605(f)(1)(a) and (b), based upon CitiMortgage's failure to comply

11  with credit reporting requirements; (5) CitiMortgage is not the real party in interest because it

12  does not hold the Note; (6) assignment of the Deed of Trust to the Mortgage Electronic

13  Registration System (MERS) was invalid because MERS did not hold a beneficial interest in the

14  Note; (7) CitiMortgage should be declared 'in Dishonor" for not paying certain liens the

15  Moseleys filed on the property in state court; (8) the Moseleys exercised the right of rescission

16  under TILA, and CitiMortgage failed to honor that right; (9) the Deed of Trust is invalid because

17  CitiMortgage did not follow general accounting principles/breached the contract/breached its

18  fiduciary duty; and (11) CitiMortgage trespassed twice on the Moseleys' property.  Dkt. 1.

19       On October 31, 2011, the court issued an order, granting CitiMortgage's motion for

20  summary judgment and dismissing the case with prejudice.  Dkt. 28.  In that order, the court

21  denied without prejudice CitiMortgage's request that the court award reasonable fees and costs

22  incurred in defense of this action.  Dkt. 28, at 20.

23

24

1                                            <u>MOTION FOR ATTORNEYS' FEES</u>

2          On November 15, 2011, CitiMortgage filed a renewed motion for attorneys' fees,

3 contending that (1) CitiMortgage is entitled to recover attorneys' fees incurred in defending the

4 Deed of Trust claims and the obligations underlying the Deed of Trust; (2) CitiMortgage is

5 entitled to attorney's fees under RCW 4.84.185 because plaintiff's claims were frivolous and

6 advanced without reasonable cause; (3) CitiMortgage is entitled to attorney's fees under 28

7 U.S.C. § 1927 because plaintiff prosecuted the claims in bad faith; and (4) CitiMortgage is

8 entitled to fees under the FDCPA, 15 U.S.C. § 1692(a)(3) because the claims were brought in

9 bad faith and for the purposes of harassment. Dkt. 31.  CitiMortgage requests an award of

10 $22,050 in fees occurred in defense of this action.  Dkt. 31.  CitiMortgage also detailed the

11 amount of time and fees incurred in defending claims under RESPA (seven hours for $2,450 in

12 fees); TILA (five hours for $1,750 in fees); trespass (three hours for $1,050 in fees); and FDCPA

13 (2.5 hours for $875 in fees).  Dkt. 32, at 2-3.

14          On December 7, 2011, plaintiff filed a response, requesting that CitiMortgage's renewed

15 motion for attorneys' fees be denied.  Dkt. 35.  Plaintiff contends that he attempted to

16 communicate with CitiMortgage about concerns he had with the validity of the mortgage, and

17 that CitiMortgage failed to respond to those concerns; that this case does not involve any action

18 to proceeding to construe or enforced any terms of the security instrument; that the lawsuit was

19 not baseless; that the action was not brought in bad faith and for the purpose of harassment;  that

20 the rate charged by CitiMortgage's counsel is excessive; that time spent drafting the motion for

21 attorneys' fees should not be included in the request; and that plaintiff brought this case *pro se* in

22 good faith.  Dkt. 35.

23

24

1     On December 9, 2011, CitMortgage filed a reply, arguing that, contrary to plaintiff's

2  assertion, CitiMortgage timely and repeatedly responded to plaintiff's inquiries, providing

3  information about the owner of the loan, its status as servicer, and the payment history on the

4  loan; that CitiMortgage repeatedly requested that plaintiff bring his loan current, but plaintiff

5  refused to do so; that plaintiff continues to press forward with attempts to litigate baseless claims

6  in small claims court; the Deed of Trust grants CitiMortgage the right to recover attorney's fees;

7  and that the complaint is baseless; that CitiMortgage patiently and thoughtfully responded to

8  plaintiff's claims and assertions. Dkt. 36.

9                                         DISCUSSION

10     **1. Fees Pursuant to Contract**

11     CitiMortgage requests that the court award fees pursuant to the contract language in the

12  Deed of Trust.

13     CitiMortgage is defined as the "Lender" in the Deed of Trust. Dkt. 1-1, at 1.

14     The Deed of Trust includes the following provision:

15          26.  Attorneys' Fees.  Lender shall be entitled to recover its reasonable attorneys'
          fees and costs in any action or proceeding to construe or enforce any terms of this
16          Security Instrument.

17  Dkt. 1-1, at 17.

18     The Deed of Trust contains detailed provisions that include plaintiff's payment

19  obligations under the Note and the application of funds. Under Washington law, the attorneys'

20  fee provision is bilateral, and it provides a right to fees to the substantially prevailing party in any

21  action to construe or enforce any terms of a contract. RCW 4.84.330.  This includes fees incurred

22  in successfully defending claims related to the contract. *Cornish College of the Arts v. 1000*

23  *Virginia Ltd. Partnership*, 158 Wn. App. 203, 231-32 (2010).

24

ORDER ON CITIMORTGAGE, INC.'S RENEWED
MOTION FOR AWARD OF ATTORNEYS' FEES-
4

1    In Washington, "an action is on a contract for purposes of a contractual attorney fees

2    provision if the action arose out of the contract and if the contract is central to the dispute."

3    *Tradewell Group, Inc. v. Mavis,* 71 Wash.App. 120, 130 (1993); *Cornish College of the Arts*,

4    158 Wn. App. at 235. This includes tort claims and others that are not strictly for "breach of

5    contract." *Borish v. Russell*, 155 Wn. App. 892, 907 (2010), *rev. denied*, 170 Wn.2d 1024

6    (2011).

7    The complaint in this matter requests a declaration that the Moseleys are the exclusive

8    title holders to their residential real property; that the deed which purported to convey their

9    exclusive title to the property was in fact an equitable deed of trust; and that the note

10   encumbering the property is void, invalid, satisfied and/or lost. Dkt. 1, at 2.  If plaintiff had

11   prevailed on these claims, CitiMortgage's interest in the property would have been significantly

12   affected.  The lawsuit challenged the underlying validity of the obligation; and CitiMortgage's

13   defense of the case was undertaken to protect its rights in the property.  *See Coppes v. Wachovia*

14   *Mortgage Corporation*, 2011 WL 4852259 (E.D. Cal.))(awarding attorneys' fees based upon fee

15   provisions in the Note and Deed of Trust); *Copeland-Turner v. Wells Fargo Bank*, 2011 WL

16   5117877 (D.Or.))(awarding attorneys' fees for defending claims "on the contract", based upon

17   fee provisions in Note and Deed of Trust).

18   In this case, the court granted summary judgment in favor of CitiMortgage.

19   CitiMortgage is the prevailing party.  The following claims are, therefore, "on the contract" for

20   purposes of the attorneys' fee provision in the Deed of Trust: quiet title; beneficial interest, the

21   role of MERS, and securitization of the Note; tender and satisfaction; breach of fiduciary duty;

22   and void or invalid Deed of Trust and Note. These claims constitute a direct attack on both the

23   Deed of Trust and the loan it secures.  The Deed of Trust, or contract, containing the fee clause is

24

1  central to the existence of these claims. *See Deep Water Brewing, LLC v. Fairway Resources*

2  *Ltd.*, 152 Wn. App. 229, 278 (2009).  CitiMortgage should be awarded attorneys' fees for

3  defending these claims, pursuant to the fee provision in the Deed of Trust.

4  **2. Fees Under RCW 4.84.185**

5  CitiMortgage requests that the court award fees under RCW 4.84.185.

6  RCW 4.84.185 provides as follows:

7     In any civil action, the court having jurisdiction may, upon written findings by the judge
      that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and
8     advanced without reasonable cause, require the nonprevailing party to pay the prevailing
      party the reasonable expenses, including fees of attorneys, incurred in opposing such
9     action, counterclaim, cross-claim, third party claim, or defense.  This determination shall
      be made upon motion by the prevailing party after a voluntary or involuntary order of
10    dismissal, order on summary judgment, final judgment after trial, or other final order
      terminating the action as to the prevailing party.  The judge shall consider all evidence
11    presented at the time of the motion to determine whether the position of the nonprevailing
      party was frivolous and advanced without reasonable cause.  In no event may such
12    motion be filed more than thirty days after entry of the order.

13  RCW 4.84.185.

14  The statute is properly applied by federal courts where state law claims are asserted.

15  *Tracy v. State of Washington*, 2010 WL 5395029 at *4 (WD. Wash. 2010); *Leahy v. Edmonds*

16  *School District*, 2009 WL 529577 at *1 (W.D. Wash. 2009); *Caruso v. Connelly & Connelly*,

17  *P.S.*, 4 Fed. Appx. 507, 508 (9th Cir. 2001).

18  An action is frivolous under RCW 4.84.185 if, when considered in its entirety, it "cannot

19  be supported by any rational argument based in fact or law." *Biggs v. Vail*, 119 Wn.2d 129, 136,

20  830 P.2d 350 (1992); *Fluke Capital & Mgt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 625, 724

21  P.2d 356 (1986).  It is enough that the action is not supported by any rational argument and is

22  advanced without reasonable cause.  *Eller v. East Sprague Motors & R.V.'s, Inc*., 159 Wn.App.

23  180, 192, 244 P.3d 447 (2010).

24

ORDER ON CITIMORTGAGE, INC.'S RENEWED
MOTION FOR AWARD OF ATTORNEYS' FEES-
6

1    The claims that were determined above to be "on the contract" (beneficial interest, the

2    role of MERS, and securitization of the Note; tender and satisfaction; breach of fiduciary duty;

3    and void or invalid Deed of Trust and Note) are herein awarded on the basis of contract.

4    Accordingly, with regard to these claims, the court need not address whether fees are warranted

5    under RCW 4.84.185.  However, plaintiff's trespass claim, though without merit, was arguably

6    supported by a rational argument.  The court should not award attorneys' fees to CitiMortgage,

7    under RCW 4.84.185, for the trespass claim.

8    **3.  Fees Under 28 U.S.C. § 1927**

9    CitiMortgage requests that the court award fees under 28 U.S.C. § 1927, arguing that, by

10   asserting claims without any basis in law or fact, plaintiff forced CitiMortgage to incur fees

11   unnecessarily, and should bear those costs.

12   Pursuant to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in

13   any court of the United States or any Territory thereof,  who so multiplies the proceedings in any

14   case unreasonably and vexatiously may be required by the court to satisfy personally the excess

15   costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To be

16   sanctionable under 28 U.S.C. § 1927, counsel's conduct must multiply the proceedings in both an

17   "unreasonable and vexatious manner."  *In re Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010);

18   *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).  Recklessness suffices for the

19   imposition of statutory sanctions.  *Lahiri v. Universal Music and Video Distribution Corp*., 606

20   F.3d 1216, 1219 (9th Cir. 2010).  Section 1927 sanctions must be supported by a finding of

21   subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous

22   argument, or argues a meritorious claim for the purpose of harassing an opponent.  *B.K.B. v.*

23   *Maui Police Dept*., 276 F.3d 1091, 1107 (9th Cir. 2002).

24

ORDER ON CITIMORTGAGE, INC.'S RENEWED
MOTION FOR AWARD OF ATTORNEYS' FEES-
7

1    Attorneys' fees may be awarded against a *pro se* litigant, pursuant to 28 U.S.C. § 1927.

2    *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990), *cert denied* 498 U.S. 1096 (1991).

3    While plaintiff aggressively pursued this case, the court cannot find that he multiplied the

4    proceedings in an unreasonable and vexatious manner. The court should not award attorneys'

5    fees against plaintiff based upon 28 U.S.C. § 1927.

6    **4. Fees Under 15 U.S.C. § 1692(k)(a)(3)**

7    CitiMortgage requests that the court award attorneys' fees for defending against the

8    FDCPA claim.

9    Fees incurred in defending plaintiff's claim under the Fair Debt Collection Practices Act

10   are independently recoverable under 15 U.S.C. § 1692k(a)(3), which provides: "On a finding by

11   the court that an action under this section was brought in bad faith and for the purpose of

12   harassment, the court may award to the defendant attorney's fees reasonable in relation to the

13   work expended and costs."

14   Although the court determined that CitiMortgage is not a debt collector under the

15   FDCPA, and that plaintiff had not shown that CitiMortgage did anything improper under the

16   FDCPA, the court cannot find that this claim was brought in bad faith and for the purpose of

17   harassment.  Accordingly, attorneys' fees should not be awarded to CitiMortgage for defending

18   against this claim.

19   **5. Summary**

20   Based upon the above analysis, the court should award attorneys' fees in favor of

21   CitiMortgage on the following claims, pursuant to the attorneys' fee provision in the Deed of

22   Trust: quiet title; beneficial interest, the role of MERS, and securitization of the Note; tender and

23   satisfaction; breach of fiduciary duty; and void or invalid Deed of Trust and Note.  Attorneys'

24

ORDER ON CITIMORTGAGE, INC.'S RENEWED
MOTION FOR AWARD OF ATTORNEYS' FEES-
8

1  fees should not be awarded with regard to the following claims: RESPA, TILA, FDCPA, and

2  trespass.

3      **6. Amount of Fees**

4          In reviewing a claim for attorney's fees, the court should consider the following factors:

5  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the

6  skill requisite to perform the legal service properly, (4) the preclusion of other employment by

7  the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or

8  contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

9  involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10)

10 the 'undesirability' of the case, (11) the nature and length of the professional relationship with the

11 client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70

12 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with

13 Washington Rules of Professional Conduct 1.5.

14         The fee applicant bears the burden of documenting the appropriate hours expended in the

15 litigation and must submit evidence in support of those hours worked.  *Gates v. Gomez*, 60 F.3d

16 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that

17 requires submission of evidence to the district court challenging the accuracy and reasonableness

18 of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

19         In this case, the time expended for defending the compensable claims was 45.5 hours.

20 Plaintiff raised claims that, while frivolous and without merit, required significant time, skill, and

21 effort to address.  The issues plaintiff attempted to litigate were convoluted and difficult to

22 respond to.  Plaintiff pressed these claims vigorously, requiring a significant amount of work in

23 response. Accordingly, the number of hours spent by CitiMortgage responding to the

24

1    compensable claims was reasonable. Preclusion of other employment by taking this case is not a

2    significant factor in the analysis.  CitiMortgage's counsel is experienced.  He charged a

3    discounted fee of $350, which appears to be reasonable.  The fee was fixed.  The time limitations

4    or other circumstances do not appear to be factors in the analysis.  The amount involved was

5    significant and CitiMortgage obtained excellent results.  The case was neither desirable nor

6    undesirable.  The nature and length of the professional relationship with the client do not appear

7    to be significant factors.  While awards in similar cases were not addressed in the motion, the

8    amount of awards in other cases is not a significant factor in the analysis.

9         CitiMortgage's request for the attorneys' fees on the claims subject to the attorneys' fees

10   provision in the Deed of Trust is reasonable.  The court should award CitiMortgage $15,925 in

11   attorneys' fees for 45.5 hours of billable time at $350 per hour.

12        Accordingly, it is hereby **ORDERED** that CitiMortgage, Inc.'s Renewed Motion for

13   Award of Attorneys' Fees (Dkt. 31) is **GRANTED IN PART AND DENIED IN PART**, as set

14   forth above.  The Clerk is directed to enter judgment in favor of CitiMortgage, and against

15   plaintiff, in the amount of $15,925.

16        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

17   to any party appearing *pro se* at said party's last known address.

18        Dated this 12th day of December, 2011.

19

20

21        ROBERT J. BRYAN
          United States District Judge

22

23

24

ORDER ON CITIMORTGAGE, INC.'S RENEWED
MOTION FOR AWARD OF ATTORNEYS' FEES-
10